

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

SHARONDA STEWART
Vs.                                            C.A. No.      2014 CA 001516 V
MARK S. MITCHELL et al

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge LAURA A CORDERO
~te: March 13, 2014
Conference: 9:30 am, Friday, June 13, 2014
v: Courtroom A-50
515 5th Street N.W.
WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

SHARONDA STEWART
     Vs.
MARK S. MITCHELL et al

C.A. No.    2014 CA 001516 V

AGENT FOR STATE PROCESS SERVICE, INC.
Time of Service: _____ am pm
Date of Service: 5-8-14
Served upon: _____
_____
at _____

{ } Personal Service { } Substitute personal service
{ } Corporate Service { } Posting

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge LAURA A CORDERO
Date:  March 13, 2014
Initial Conference: 9:30 am, Friday, June 13, 2014
Location:  Courtroom A-50
        515 5th Street N.W.
        WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

SHARONDA STEWART

_____
Plaintiff

vs.                                    AGENT FOR STATE PROCESS SERVICE, INC

MARK S. MITCHELL                 Time of Service 623 Case Number
1324 W. La Salle Court          Date of Service 5-9-14
Milwaukee, WI 53209             Served upon:
_____
Defendant                        at Residence
                                 _____

**SUMMONS**

To the above named Defendant:   MARK S. MITCHELL [ Personal Service  [ Substitute personal service
                                              [ Corporate Service  [ Posting

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

JAMES W. TAGLIERI, ESQ.   #229880                    *Clerk of the Court*
Name of Plaintiff's Attorney
Cadeaux Taglieri & Notarius
1100 Connecticut Avenue, NW, #800          By _____
Address                                              Deputy Clerk
Washington, D.C. 20036

(202) 785-3373                            Date ___3/13/2014___
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011



## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

SHARONDA STEWART
_____
                                    Plaintiff

LYNNE MITCHELL                    vs.                        Case Number _____
1324 W. LaSalle Court
Milwaukee, WI  53209
_____
                                   Defendant

## SUMMONS

To the above named Defendant:

LYNNE MITCHELL:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

JAMES W. TAGLIERI, ESQ.   #229880
_____          *Clerk of the Court*
Name of Plaintiff's Attorney
Cadeaux Taglieri & Notarius
1100 Connecticut Avenue, NW, #800          By  _Adrienne J. marsh_
_____                        Deputy Clerk
Address
Washington, D.C.  20036
_____

(202) 785-3373                            Date  _3/13/2014_
_____
Telephone

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

```
RECEIVED
Civil Clerk's Office
MAR 1 3 2014
Superior Court of the
District of Columbia
Washington, D.C.
```

SHARONDA STEWART                    :
3001 Veazey Terrace, N.W.
 Apt. 709                           :
Washington, D.C. 20008
                                    :

        Plaintiff,                  :

vs.                                 :        Civil Action No. _____

                                    :
MARK S. MITCHELL
1324 W. La Salle Court
Milwaukee, WI  53209-4412           :

and                                 :

LYNNE MITCHELL                      :
1324 W. La Salle Court
Milwaukee, WI  53209-4412           :

        Defendants.                 :

## **COMPLAINT**

### COUNT I
(Negligence)

Jurisdiction is vested in this Court pursuant to D.C. Code §11-921 (2001 edition).

1.     On or about July 25, 2011, at approximately 5:45 a.m., plaintiff was operating her vehicle, in the absence of any and all negligence, on South Capitol Street at the merge with I-395.  She had slowed her vehicle in response to traffic ahead of her vehicle when she was rear ended by a vehicle owned by defendants Mark S. Mitchell and Lynne Mitchell and negligently operated by defendant Mark S. Mitchell.

-2-

    2.    The collision would not have occurred but for the fact that defendant Mark S. Mitchell negligently operated his motor vehicle in a careless and reckless manner, negligently failed to keep a proper lookout, negligently failed to pay full time and attention to the operation of his motor vehicle, negligently failed to keep his motor vehicle from colliding with other motor vehicles on the roadway, and negligently disregarded the traffic regulations of the District of Columbia then and there in full force and effect.

    3.    As a direct and proximate result of the aforesaid negligence, plaintiff Sharonda Stewart sustained injury to all parts of her body, some of which are believed to be permanent, especially to her head, shoulder, neck and back, suffered and shall suffer great pain of body and mind, incurred and shall incur medical and out-of-pocket expenses, lost and shall lose time and wages from her employment, and, as a result, has been damaged in the amount of $300,000.00.

    WHEREFORE, the premises considered, plaintiff Sharonda Stewart demands judgment against the defendants Mark S. Mitchell and Lynne Mitchell, jointly and severally, in the amount of $300,000.00 plus costs and interest.

CADEAUX, TAGLIERI & NOTARIUS, P.C.

James W. Taglieri    #229880
Attorney for Plaintiff
1100 Connecticut Avenue, N.W.
Suite 800
Washington, D.C. 20036
Telephone (202) 785-3373
E-mail: jim.t@cadotag.com

-3-

## JURY DEMAND

Plaintiff demands a trial by a jury as to all issues involved herein.

James W. Taglieri
Attorney for Plaintiff

JWT/fan

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### Civil Division

SHARONDA STEWART             :

      Plaintiff,             :

                    :

vs.                           Civil Action No. 2014 CA 001516 V
                       : CAL. No. 6 - Judge Cordero

MARK S. MITCHELL, et al.

      Defendants.          :

## REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT

COMES NOW the plaintiff, by and through counsel, and requests that the Defendant Lynne Mitchell produce the documents listed below in the offices of Cadeaux & Taglieri, P.C., 1100 Connecticut Avenue, N.W., Suite 800, Washington, D.C. 20036, within forty five (45) days of service of this Request, pursuant to the Rules of this Court:

1.     Any and all written statements, signed or unsigned, by plaintiff and/or any other witness concerning the accident in question.

2.     Any photographs, videotapes, films, or slides of:

     (a)    The plaintiff;

     (b)    The motor vehicles in the accident described in the complaint; and

     (c)    The scene where the accident occurred.

3.     Any and all documents or objects identified in the Defendant's Answers to Interrogatories.

4.     A copy of defendant's insurance policy(s) that will or may cover the involved accident.

-2-

5.      A copy of defendant's driver's license(s) at the time of the involved accident.

6.      A copy of any incident and/or accident reports for the subject accident.

7.      A copy of any and all reports and/or records relied upon by the defendant's experts in formulating an opinion in this action.

8.      A copy of the curriculum vitae of each expert that is expected to testify on behalf of the defendant at trial.

9.      A copy of any and all estimates or repair bills to fix the motor vehicles in the accident described in the complaint.

10.     A copy of any and all documents received by defendant's counsel through a subpoena.

11.     A copy of any and all bills for any cell phone, pager, two-way radio, or other portable communication device you had during the month of the accident.  Please identify the company name and address from whom you obtain the service and the corresponding account and/or phone number for the service.

CADEAUX, TAGLIERI & NOTARIUS, P.C.

James W. Taglieri        #229880
Attorney for Plaintiff
1100 Connecticut Avenue, N.W.
Suite 800
Washington, D.C.  20036
Telephone (202) 785-3373
E-mail:  jim.t@cadotag.com

-3-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Request for Production of Documents was served along with the complaint upon each defendant in the manner and on the date that the complaint was served.

_James W. Tagl_

James W. Taglieri
Attorney for Plaintiff

JWT/fan

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### Civil Division

SHARONDA STEWART                          :
                                          :
        Plaintiff,                        :
                                          :
vs.                                        Civil Action No. 2014 CA 001516 V
                                          : CAL. No. 6 - Judge Cordero
MARK S. MITCHELL, et al.                  :
                                          :
        Defendants.                       :

## **INTERROGATORIES**

TO:   MARK S. MITCHELL:

    PLEASE TAKE NOTICE that the plaintiff, requires you to answer the following interrogatories, separately, fully, in writing and under oath, in accordance with the rules of this court which answers must be signed by you and a copy served upon counsel for plaintiff.  Also, please note the following:

    (a)    These interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

    (b)    Where the name or identity of person is requested, please state full name, home address, and also business address, if known.

    (c)    Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

    (d)    Where knowledge or information or possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, his attorneys.  When answer is made by a corporate defendant, state the name, address and title of the persons supplying the information, and making affidavit, and the source of his information.

-2-

(e)     The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the persons mentioned in the clause (d).

(1)     Identify yourself fully by stating the following:  your full name, date of birth, marital status, the date and place of marriage, the name and address of your spouse, your social security number, your present address, all former addresses for the past five years and the inclusive dates of each.  If you have ever used any other names, please list them and the year you used them.

(2)     Were you the owner, co-owner and/or operator of vehicle which collided with a motor vehicle operated by Sharonda Stewart on or about July 25, 2011, at approximately 5:45 a.m., on South Capitol Street at the merge with I-395, in the District of Columbia?  If so, which?

(3)     State the names, address and family relationship to you of all persons known to you or your attorney who have knowledge of any facts pertaining to the happening or circumstances of the occurrence alleged in plaintiff's Complaint, indicate which of such persons were eye witnesses, and state what their connection with the alleged occurrence was.

(4)     If you or any of your agents have photographs, tapes, or moving pictures of the scene of the occurrence, of any of the autos or individuals involved in said accident or any other photographs, tapes or moving pictures relevant to this case, please state the date each photograph, tape or moving picture was taken, the name and address of the photographer, the identity of the subject or object shown in each photograph, tape or moving picture.

(5)     Were any trials or hearings ever held or investigations by public authority made in connection with this occurrence?  If so, state the date, place

-3-

and nature of each trial, hearing investigation, who was present, and what was said and by whom. If the proceedings were stenographically recorded or reported, give the name and address of the reporter or reporting company of the repository of the record.

(6)    In your own words, give a concise description of how the accident occurred, including the following:  state names, direction of travel of all vehicles involved, distance from other vehicles involved, distance from other vehicles involved when first seen by you, your speed at all times up to the moment of impact, the estimated speed of the other vehicle or vehicles involved, in miles per hour, the point of impact of all vehicles involved, the distance moved by such vehicle or vehicles after impact, the maneuvers made by you to avoid the collision, the exact point of impact of your vehicle with the plaintiff's vehicle with regard to the center of the intersection, and the position of all vehicles in the street or intersection after the collision.

(7)    What were you doing in the five minutes prior to the accident?

(8)    If there were any vehicles preceding or following plaintiff's vehicle just prior to the impact, please state their approximate positions and whether any of them were standing still.

(9)    In relation to the center line, in which lane were you traveling and how long had you been traveling in that lane?

(10)    Where had you been looking prior to the time you first became aware of danger?

-4-

(11)   What were the conditions at the time of the collision with respect to:  weather; road conditions; traffic controls; lighting; and obstructions to clear view?

(12)   State your point of origin and the route followed immediately prior to the collision and how often you had driven on the street where the collision occurred prior to the collision and please state your intended destination at the time of the accident.

(13)   How often had you driven on the street where the collision occurred prior to the collision?

(14)   If you, your attorney, or any of your other representatives have any written statements, signed or unsigned concerning the accident in question and if you will, without a motion to produce, attach a copy of all such statements to your answers hereto; or if you are unwilling, state the names and addresses of each person giving each such statement, the dates of such statement, and the verbatim substance of each such statement.

(15)   If you had any conversations with the driver or occupants of plaintiff's vehicle or with any other person concerning the accident at the time of the accident or subsequently, please give dates, names and details of any such communications and the names and addresses of all persons present at each such communication.

(16)   If you contend that the plaintiff or any other person acted in such a manner as to cause or contribute to this occurrence, indicate the identity of any such other person and give a concise statement of the facts upon which you rely.

-5-

(17)    If you were charged with any violation of law arising out of this occurrence, please state:  the nature of the charge; your plea thereof; and the fine or sentence you received, if any.

(18)    If you had anyone in your vehicle with you at the time of the collision, please state their names, addresses an their positions in your vehicle.

(19)    In the 24-hour period preceding the accident, if you consumed any alcoholic beverage or took any sedative tranquilizer or other drug, please state:  the name, type and brand of each item consumed; the quantity consumed; the name and address of each place of consumption; the exact time of consumption; and the names and addresses of all persons who were present at the time of consumption.

(20)    If at the time of the accident were you suffering from any mental or physical handicap or impairment, permanent or temporary, please state in detail, in what way, if any, said condition contributed to the accident.

(21)    If your vehicle or any other vehicle involved lay down any skid marks at the scene of the accident?  If so, state their length; their direction; their position in regard to the center of the intersection or street.

(22)    If you were a licensed automobile operator at the time of the accident involved in this case, please indicate what state issued the license and, if there were any restrictions on the license, what was the nature of these restrictions?

(23)    Describe in detail the circumstances surrounding the operation of your vehicle at the time of the accident, including whether or not you were operating the vehicle with the consent of or as the agent, servant and/or

employee of anyone else; and if so, state the name and address of such person.

(24)   Please state the names and addresses of the titled owners of the vehicle you were operating at the time of the accident, the make, model, and license number of the vehicle, whether or not it was equipped with seat belts and whether said seat belts were in use at the time of the accident; whether or not the vehicle was repaired and, if so, the date, place and cost of the repairs.

(25)   If you ever had a license to operate a motor vehicle suspended or revoked, please indicate in that state in what year did this occur; what was the period of suspension; and what were the reasons therefor.

(26)   State the name and address of your employer and your job description at the time of the accident involved in this case.  If there has been any change in your employment since that time, state the name and address of your present employer and your present job description.

(27)   If you contend that brake failure or any other mechanical failure contributed to or caused the accident complained of state: the actual cause of the alleged failure; when, where and by whom the vehicle was inspected, both prior to and immediately following the accident, and what such inspection revealed; and the dates and description of all above-described mechanical failures or malfunctions experienced by you or reported to you.

(28)   Please completely identify each person that you expect to call as an expert witness at trial, and please state, as to each such person:  the person's identity, giving name, profession or occupation and address; the subject matter on which he is expected to testify; the substance of the facts

-7-

and opinions to which he is expected to testify; and the specific data and grounds on which he bases his opinion.

(29)   At the time of the accident, if a policy or policies of automobile liability insurance covered you; the automobile you were driving at the time of the collision herein, or any other person, state for each policy(s): the name and address of the insurer; the name and address of the insured; the nature of the coverage; and the limits of liability, including coverage for one person and more than one person.

(30)   Identify each and every person not heretofore mentioned having personal knowledge of facts material to this case.

(31)   Please state, during the month of the occurrence, whether you had a cell phone, pager, two-way radio, or other portable communication device and identify the company name and address from whom you obtain the service and the corresponding account and/or phone number for the service.

(32)   If you spoke to anyone on a cell phone just before the accident or within one hour of the occurrence identify whom you spoke to by name, address and phone number.

CADEAUX, TAGLIERI & NOTARIUS, P.C.

James W. Taglieri       #229880
Attorney for Plaintiff
1100 Connecticut Avenue, N.W.
Suite 800
Washington, D.C.  20036
Telephone (202) 785-3373
E-mail:  jim.t@cadotag.com

-8-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Interrogatories was served along with the complaint upon each defendant in the manner and on the date that the complaint was served.

_____
James W. Taglieri
Attorney for Plaintiff

JWT/fan

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

SHARONDA STEWART                        :
                                         :
        Plaintiff,                       :
                                         :
vs.                                      Civil Action No. 2014 CA 001516 V
                                         : CAL. No. 6 - Judge Cordero
MARK S. MITCHELL, et al.                 :
                                         :
        Defendants.                      :

## INTERROGATORIES

TO:   LYNNE MITCHELL:

    PLEASE TAKE NOTICE that the plaintiff, requires you to answer the

following interrogatories, separately, fully, in writing and under oath, in

accordance with the rules of this court which answers must be signed by you

and a copy served upon counsel for plaintiff.  Also, please note the following:

    (a)    These interrogatories are continuing in character so as to require
you to file supplementary answers if you obtain further or different
information before trial.

    (b)    Where the name or identity of person is requested, please state
full name, home address, and also business address, if known.

    (c)    Unless otherwise indicated, these interrogatories refer to the time,
place and circumstances of the occurrence mentioned or complained of
in the pleadings.

    (d)    Where knowledge or information or possession of a party is
requested, such request includes knowledge of the party's agents,
representatives and, unless privileged, his attorneys.  When answer is
made by a corporate defendant, state the name, address and title of the
persons supplying the information, and making affidavit, and the source
of his information.

(e)      The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the persons mentioned in the clause (d).

(1)      Identify yourself fully by stating the following:  your full name, date of birth, marital status, the date and place of marriage, the name and address of your spouse, your social security number, your present address, all former addresses for the past five years and the inclusive dates of each.  If you have ever used any other names, please list them and the year you used them.

(2)      Were you the owner, co-owner and/or operator of vehicle which collided with a motor vehicle operated by Sharonda Stewart on or about July 25, 2011, at approximately 5:45 a.m., on South Capitol Street at the merge with I-395, in the District of Columbia?  If so, which?

(3)      If you were not the operator of said vehicle, please identify by name the operator of said vehicle, describe his relationship, if any, to you, state his present residence address, giving number, street, city, state and telephone number, and his residence address at the time of the occurrence giving number, street, city, state, and telephone number, and his social security number, date of birth, and vehicle license number, giving the number and respective state.

(4)      At the time of the accident, was the driver operating said vehicle with your consent?

(5)      State the names, address and family relationship to you of all persons known to you or your attorney who have knowledge of any facts pertaining to the happening or circumstances of the occurrence alleged in

-3-

plaintiffs' Complaint, indicate which of such persons were eye witnesses, and state what their connection with the alleged occurrence was.

(6)    Do you or any of your agents have photographs, videotapes, or moving pictures of the scene of the occurrence, of any of the autos or individuals involved in said accident or any other photographs, videotapes or moving pictures relevant to this case? If so, state the date each photograph, videotape or moving picture was taken, the name and address of the photographer, the identity of the subject or object shown in each photograph, videotape or moving picture.

(7)    Were any trials or hearings ever held or investigated by public authority made in connection with this occurrence? If so, state the date, place and nature of each trial, hearing investigation, who was present, and what was said and by whom. If the proceedings were stenographically recorded or reported, give the name and address of the reporter or reporting company of the repository of the record.

(8)    Do you, your attorney, or any of your other representatives have any written statements, signed or unsigned concerning the accident in question? If so, and if you will, without a motion to produce, attach a copy of all such statements to your answers hereto; or if you are unwilling, state the names and addresses of each person giving each such statement, the dates of such statement, and the verbatim substance of each such statement.

(9)    Did your driver have any conversations with the driver or occupants of plaintiffs' vehicle or with any other person concerning the collision at the time of the collision or subsequently? If so, give the dates, names and

details of and such communications and the names and addresses of all persons present at each such communication.

(10)    If you contend that the plaintiffs or any other persons acted in such a manner as to cause or contribute to this occurrence, indicate the identity of any such other person and give a concise statement of the facts upon which you rely.

(11)  Was your driver charged with any violation of law arising out of this occurrence?  If so, state (a) the nature of the charge; (b) his plea thereof; (c) the fine or sentence he received, if any.

(12)    Did your vehicle or any other vehicle involved lay down any skid marks at the scene of the accident?  If so, state (a) their length; (b) their direction; (c) their position in regard to the center of the intersection or street.

(13)    Please state the names and addresses of the titled owners of the vehicle your servant, employee, agent and/or leaser was operating at the time of the accident, the make, model, and license number of the vehicle, whether or not it was equipped with seat belts and whether said seat belts were in use at the time of the accident; whether or not the vehicle was repaired and, if so, the date, place and cost of the repairs.

(14)    If you contend that brake failure or any other mechanical failure contributed to or caused the accident complained of state:  (a) the actual cause of the alleged failure; (b) when, where and by whom the vehicle was inspected both prior to an immediately following the accident, and what such inspection revealed; (c) the dates and description of all above-described mechanical failures or malfunctions experienced by you or reported to you.

-5-

(15)   If known to you or any attorney or other representative of the defendant, please state the name and address of the following persons:  (a) those who actually saw or any part of the alleged occurrence; (b) those who were present at or near the scene at the time of the alleged occurrence; (c) those who have any knowledge of any facts pertaining to the cause of the alleged occurrence or to alleged acts of the plaintiffs.

(16)   Please completely identify each person that the defendant expects to call as an expert witness at trial, and please state as to each person:  (a) the person's identity giving name, profession or occupation and address; (b) the substance of the facts and opinions to which he is expected to testify; (c) the specific data and grounds on which he bases his opinion.

(17)   Please list each and every witness you intend to call at the trial of this matter, giving the full name and title if applicable, home and business addresses and home and business telephone numbers, and state the subject matter of their testimony and their qualifications to each such testimony.

(18)   Do you intend to allege that at the time of the accident the driver was not acting within the scope of his employment?  If so, please state the facts upon which your allegation is based.

(19)   At the time of the accident, did a policy or policies of automobile liability insurance cover:  (a) you; (b) the automobile being driven at the time of the collision herein; (c) any other person.

(20)   If so, state for each policy:  (a) the name and address of the insurer; (b) the name and address of the insured; (c) the nature of the

-6-

coverage; (d) the limits of liability, including coverage for one person and more than one person.

(21)    Identify each and every person not heretofore mentioned having personal knowledge of facts material to this case.

CADEAUX, TAGLIERI & NOTARIUS, P.C.

James W. Taglieri      #229880
Attorney for Plaintiff
1100 Connecticut Avenue, N.W.
Suite 800
Washington, D.C.  20036
Telephone (202) 785-3373
E-mail:  jim.t@cadotag.com

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Interrogatories was served along
with the complaint upon each defendant in the manner and on the date that the
complaint was served.

_____
James W. Taglieri
Attorney for Plaintiff

JWT/fan

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

SHARONDA STEWART                    :
                                    :
        Plaintiff,                  :
                                    :
vs.                                     Civil Action No. 2014 CA 001516 V
                                    : CAL. No. 6 - Judge Cordero
MARK S. MITCHELL, et al.            :
                                    :
        Defendants.                 :

## REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT

COMES NOW the plaintiff, by and through counsel, and requests that the Defendant Mark S. Mitchell produce the documents listed below in the offices of Cadeaux & Taglieri, P.C., 1100 Connecticut Avenue, N.W., Suite 800, Washington, D.C. 20036, within forty five (45) days of service of this Request, pursuant to the Rules of this Court:

1.     Any and all written statements, signed or unsigned, by plaintiff and/or any other witness concerning the accident in question.

2.     Any photographs, videotapes, films, or slides of:

        (a)     The plaintiff;

        (b)     The motor vehicles in the accident described in the complaint; and

        (c)     The scene where the accident occurred.

3.     Any and all documents or objects identified in the Defendant's Answers to Interrogatories.

4.     A copy of defendant's insurance policy(s) that will or may cover the involved accident.

-2-

5.      A copy of defendant's driver's license(s) at the time of the involved accident.

6.      A copy of any incident and/or accident reports for the subject accident.

7.      A copy of any and all reports and/or records relied upon by the defendant's experts in formulating an opinion in this action.

8.      A copy of the curriculum vitae of each expert that is expected to testify on behalf of the defendant at trial.

9.      A copy of any and all estimates or repair bills to fix the motor vehicles in the accident described in the complaint.

10.     A copy of any and all documents received by defendant's counsel through a subpoena.

11.     A copy of any and all bills for any cell phone, pager, two-way radio, or other portable communication device you had during the month of the accident.  Please identify the company name and address from whom you obtain the service and the corresponding account and/or phone number for the service.

CADEAUX, TAGLIERI & NOTARIUS, P.C.

James W. Taglieri     #229880
Attorney for Plaintiff
1100 Connecticut Avenue, N.W.
Suite 800
Washington, D.C.  20036
Telephone (202) 785-3373
E-mail:  jim.t@cadotag.com

-3-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Request for Production of Documents was served along with the complaint upon each defendant in the manner and on the date that the complaint was served.

_____
James W. Taglieri
Attorney for Plaintiff

JWT/fan